IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARK SINACHACK, | |
| Petitioner, | **8:23CV19** |
| vs. | |
| ROB JEFFREYS, | **MEMORANDUM AND ORDER** |
| Respondent. | |

Before the Court is a Motion to Amend Petition, Filing No. 10, filed by Petitioner Mark Sinachack.  For the reasons set forth below, the Motion shall be granted.

Rule 15 of the Federal Rules of Civil Procedure governs motions to amend petitions in habeas proceedings.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005) (stating that Rule 15 is "made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11").  Amendments are allowed one time as a matter of course if the amendment is filed within 21 days of service of a responsive pleading or a Rule 12 motion.  Fed. R. Civ. P. 15(a)(1)(B).  Moreover, an amended petition relates back to the date of the original petition when the claims in the original and amended petition arose out of the same "conduct, transaction, or occurrence," Fed. R. Civ. P. 15(c)(1)(B); *see also Mayle*, 545 U.S. at 656, "such that they arise from the same core of operative facts." *United States v. Hernandez*, 436 F.3d 851, 857 (8th Cir. 2006) (quoting *Mayle*, 545 U.S. at 650).

> Under the liberal amendment policy of Federal Rule of Civil Procedure 15(a), a district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving partly [sic], futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated.

*Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (citing *Foman v. Davis,* 371 U.S. 178, 182, (1962)*; Sanders v. Clemco Indus.,* 823 F.2d 214, 216 (8th Cir. 1987)).

Here, Petitioner seeks to amend his Petition as he inadvertently omitted an ineffective assistance of appellate counsel claim from it and did not discover his omission until he received this Court's preliminary review order. Filing No. 10 at 1–2. He argues no prejudice will result from allowing the amendment, his Petition was timely filed, the new claim relates back to those set forth in his Petition, and that his proposed amendment is not futile or designed to cause undue delay. *Id.* at 2. This Court agrees.

For the reasons set forth by Petitioner, and as no responsive pleading has been filed by Respondent and as this is Petitioner's first request to amend his Petition,

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Leave to Amend, Filing No. 10, is granted. Petitioner has through and until **September 22, 2023**, to file his Amended Petition.

2. The current progression order and the dates and deadlines set forth therein, Filing No. 9, are hereby suspended. The Court will issue an amended progression order after Petitioner's Amended Complaint is filed. The Clerk of the Court is directed to terminate the pro se case management deadlines of July 31, 2023, and August 30, 2023, set forth in Filing No. 9.

3. The Clerk of Court is further directed set a pro se case management deadline in this case using the following text: **September 22, 2023**: check for Amended Petition.

Dated this 24th day of July, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court