IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MARK SINACHACK,

                    Petitioner,

          vs.

ROB JEFFREYS,

                    Respondent.

8:23CV19

MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Mark Sinachack's
("Sinachack" or "Petitioner") Amended Petition for a Writ of Habeas Corpus
under 28 U.S.C. § 2254. Filing No. 15. As explained below, the Court will deny
the relief requested in the petition and dismiss it with prejudice.

## I.    RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

### A. Conviction and Sentence

#### 1. The Charges

On September 13, 2016, a two-count criminal complaint was filed against
Sinachack in the County Court of Buffalo County, Nebraska. Count I alleged
Sinachack, an adult who was at least 19 years old, committed first degree
sexual assault of a person between 12 and 16 years old. Count II alleged he
used an electronic communication device (a cellular phone) to transmit
sexually explicit conversations and images to a child under the age of 16. Filing
No. 18-10 at 5-6. Count I was later amended to allege Sinachack was at least
25 years old when he committed the crime. Filing No. 18-10 at 18-19.

Sinachack waived his right to a preliminary hearing. Filing No. 18-10 at
32-33. An information was filed against him on October 19, 2016, which
mirrored the allegations within the amended complaint. Filing No. 18-10 at

44-45. An amended information, filed on January 7, 2017, charged the same crimes but added a date range to Count I which ended when the victim reached 16 years of age. Filing No. 18-10 at 65-66.

On February 15, 2017, the prosecutor suggested meeting with defense counsel to discuss a potential resolution of the case. Filing No. 18-13 at 214.

Between January 14 and February 22, 2017, Sinachack underwent a forensic adult psychosexual risk assessment, and the evaluator created a report of his findings (the "psychosexual evaluation report"). Filing No. 18-13 at 2. At the time this report was being prepared, Sinachack believed his sentence would be 90 days in jail followed by four years of probation, similar to the outcome of a case Sinachack believed was similar to his own. Filing No. 18-13 at 2.

After the psychosexual evaluation report was prepared, defense counsel showed it, unredacted, to the prosecutor. Filing No. 18-10 at 191. Sinachack claims he did not consent to this disclosure. Filing No. 18-13 at 2.

## 2. Plea Agreement Discussions

After seeing the report, the prosecutor spoke with the victim, reviewed the file, and concluded he would not propose a plea agreement with a recommended sentence of probation. Filing No. 18-10 at 193. He conveyed this decision to defense counsel on April 25, 2017. Filing No. 18-13 at 218. Apparently, the victim of Sinachack's alleged crime was also sexually assaulted by a different man, and Sinachack believed he should receive the same sentence as that perpetrator. Defense counsel questioned why Sinachack was being treated differently. Filing No. 18-13 at 219. The prosecutor explained that the two defendants differed in age and the facts were different. Defense counsel questioned whether an agreement could be reached, indicating his client may be willing to do some jail time in addition to

2

probation, and, as an alternative, asked the prosecutor to stay silent at sentencing.

The prosecutor asked if Sinachack was willing to plead to second degree sexual assault with a 7-to-15-year sentencing range, expressly stating he was asking, not offering. Filing No. 18-13 at 219-220. Sinachack was apparently unwilling, and his counsel again proposed a sentence of probation, indicating he agreed with the forensic examiner's conclusion that Sinachack would need counseling for a long time and that counseling would not occur in prison. The prosecutor responded, "Given my review of the case, I disagree that probation is an appropriate resolution for your client given the age disparity, facts of this case and his overall evaluation." Filing No. 18-13 at 220-21. Defense counsel asked the prosecutor to change the charge to first degree sexual assault, dropping any reference to "of a child," and dismissing the enticement charge. The prosecutor responded, "No." The prosecutor explained, "My original offer (I believe) was to dismiss the Electronic Enticement for a plea to Count I as charged. If your client isn't interested in a sentencing recommendation that involves a DOC term, I am not inclined to amend the charge as I have concerns of him being placed on a term of probation." Filing No. 18-13 at 221. The plea discussions ended in a stalemate.

### 3. Motion to Withdraw

A bench trial was scheduled to commence on August 22, 2017. Defense counsel moved to withdraw on August 21, 2017, vaguely citing ethics issues as the basis of his motion. Filing No. 18-10 at 126. The prosecution objected. Defense counsel argued that the prosecutor may have committed an ethics violation maintaining the electronic enticement charge solely to reduce the risk of Sinachack receiving a probation-only sentence. The motion to withdraw was denied. Filing No. 18-15 at 18-30; Filing No. 18-17 at 153.

### 4. Trial

Sinachack pleaded no contest to Count II, the charge of enticement with an electronic device. Filing No. 18-15 at 125-139. The trial on Count I proceeded as scheduled. Filing No. 18-10 at 131-133; Filing No. 18-15 at 30-125; Filing No. 18-16 at 5-108. At the close of the evidence, the trial judge found Sinachack guilty on Count I, commenting "[t]he evidence in this case is not simply beyond a reasonable doubt, it's overwhelming." Filing No. 18-16 at 103-104.

Following the trial, Sinachack sent a letter to his counsel. He asked why the prosecutor had been unwilling to negotiate a plea deal other than requiring Sinachack to plead to Count I as charged with a recommendation for the mandatory minimum. Counsel responded that the government is permitted to individually consider each case and is not required to make any plea offers. Filing No. 18-10 at 221. Sinachack also asked what his chances were of prevailing on appeal. Counsel responded, "I do not know the answer to that. I would defer to whomever you elect to have handle your appeal." Filing No. 18-10 at 222.

### 5. Sentencing

The sentencing hearing was held on October 25, 2017. Filing No. 18-16 at 109-131. The judge stated he could not consider a sentence of probation on a Class IB felony conviction, explaining "you are not eligible for it and I doubt that I would find you a candidate for probation in any event." Filing No. 18-16 at 126. On Count I, the charge of first-degree sexual assault of a child, the court imposed a sentence of 20 to 30 years in prison, 15 years of which were mandatory and not subject to good time credit. On Count II, the charge of enticement with an electronic device, the court imposed a sentence of 3 to 6 months in prison to be served consecutive to the sentence on Count I. Filing

4

No. 18-10 at 139-143; Filing No. 18-16 at 127.

**B. Direct Appeal**

On November 27, 2017, Sinachack sent a pro se notice of appeal to the Nebraska Court of Appeals. Filing No. 18-10 at 158. The appeal was not filed because he failed to pay the filing fee. Filing No. 18-10 at 163.

On November 20, 2018, Sinachack filed a motion for postconviction relief with the assistance of new counsel. Filing No. 18-10 at 164-179. In support of the motion, Sinachack submitted an affidavit which stated, in part, that his trial counsel knew he wanted to appeal his conviction and sentence, but counsel failed to file the appeal. Filing No. 18-10 at 229. The court bifurcated the resolution of the postconviction motion to permit an initial determination of the direct appeal issue. Filing No. 18-12 at 72-73. After holding a hearing, the trial judge held Sinachack's trial counsel was ineffective because he failed to file an appeal, and Sinachack was afforded the right to file a new direct appeal. All other issues in Sinachack's postconviction motion were held in abeyance pending the outcome of his new direct appeal. Filing No. 18-11 at 50-53; Filing No. 18-16 at 132-149.

Sinachack timely filed a direct appeal with the assistance of his new counsel, arguing he was denied effective assistance of trial counsel because his attorney: 1) showed the prosecutor the unredacted psychosexual evaluation which, in turn, undermined Sinachack's ability to negotiate a favorable plea agreement; 2) failed to properly investigate the storage shed allegations; and 3) failed to file motions to suppress or prevent the introduction of cellular phone evidence. Filing No. 18-4 at 12. Sinachack argued the psychosexual evaluation contained several inculpatory statements; after it was disclosed, the prosecutor was no longer interested in discussing a plea agreement; and, as a result, he received a sentence far exceeding those imposed in similar cases.

Filing No. 18-4 at 15-16. As to his claim of failure to investigate, Sinachack claimed he was working when the minor victim allegedly had intercourse with him at a storage unit, and trial counsel did not call his boss as a witness to verify Sinachack's whereabouts and thereby impeach the victim's testimony. Filing No. 18-4 at 16. Finally, Sinachack argued trial counsel failed to take any meaningful steps (motions to suppress, motions in limine, or valid trial objections) to exclude digital evidence (text messages) from cell phones—a primary source of evidence against Sinachack at trial. Filing No. 18-4 at 17.

Sinachack's conviction and sentence were summarily affirmed by the Nebraska Court of Appeals because "appellate counsel failed to properly preserve the issue of ineffective assistance of trial counsel by providing a generalized assignment of error in contravention of the Nebraska Supreme Court's clear directive in *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019)." Filing No. 18-3 at 8; Filing No. 18-14 at 31.

## C. State Postconviction Motion

### 1. District Court

Sinachack was now able to pursue his remaining claims for postconviction relief. He filed an amended motion with another new attorney, arguing his appellate counsel was ineffective for failing to properly raise a claim of ineffective assistance of trial counsel on direct appeal. Filing No. 18-12 at 152. Specifically, Sinachack argued that had appellate counsel properly raised the issue, the appellate court would have thoroughly considered trial counsel's conduct during plea discussions and concluded Sinachack did not have effective assistance. He argued his trial counsel "torpedoed" a viable opportunity for Sinachack to avoid a 15-year mandatory minimum sentence when he disclosed to the prosecutor the privileged, prejudicial, and inculpatory statements Sinachack made during the forensic psychosexual evaluation.

6

Filing No. 18-12 at 155-157.

The trial judge denied the amended motion for postconviction relief. The judge held that, even had appellate counsel properly assigned the error on appeal, the claim would nonetheless depend on "the hypothetical and speculative position that but for disclosing the psychosexual evaluation the prosecutor would have offered a plea bargain to an offense without the 15 year mandatory minimum and that the defendant would have accepted that offer." Filing No. 18-12 at 180-181. Since the postconviction motion was based upon only conclusions of fact or law, the judge did not convene an evidentiary hearing. Filing No. 18-12 at 181.

### 2. Court of Appeals

Sinachack appealed the denial of his postconviction motion with the assistance of newly appointed counsel. Filing No. 18-12 at 193-194. In this appeal, he argued his trial counsel was ineffective because he (1) disclosed the unredacted psychosexual evaluation report to the prosecution during plea negotiations, Filing No. 18-6 at 16-19; (2) failed to investigate the allegations surrounding the storage unit, Filing No. 18-6 at 19-21; (3) failed to file motions to suppress or take any other steps to prevent the introduction of the cellular phone evidence at trial, Filing No. 18-6 at 21-23; and (4) failed to raise prosecutorial misconduct and move to recuse the prosecutor from the case, Filing No. 18-6 at 23-26. He argued his appellate counsel was ineffective because he failed to adequately raise all the foregoing allegations of ineffective assistance of counsel on appeal. Filing No. 18-6 at 26-30. Sinachack also argued he was entitled to postconviction relief due to the cumulative prejudice of the prosecutor's and defense counsels' conduct. Filing No. 18-6 at 30-31.

The Nebraska Court of Appeals affirmed the district court's judgment. It held that Sinachack's claims alleging ineffective assistance of trial counsel

were procedurally barred because Sinachack was represented by different counsel on appeal, and the claims were known but were not properly raised on direct appeal. Filing No. 18-3 at 8 (citing *State v. Newman*, 916 N.W.2d 393 (Neb. 2018)). As to the claims of ineffective assistance of appellate counsel, in his postconviction appeal, Sinachack argued his appellate counsel failed to raise all of his claims of ineffective assistance of trial counsel on direct appeal. However, the Nebraska Court of Appeals considered only the claim raised in Sinachack's amended postconviction motion filed in the district court. In that motion, Sinachack's sole claim was that appellate counsel was ineffective for failing to raise on direct appeal a claim that trial counsel provided ineffective assistance when he disclosed Sinachack's unredacted psychosexual evaluation report to the prosecution. All other claims of ineffective appellate counsel (i.e., that he failed to raise trial counsel's failure to investigate, file motions to exclude cell phone evidence, or file a motion to recuse the prosecutor for misconduct) were procedurally defaulted because they were not raised in Sinachack's amended motion for postconviction relief. Filing No. 18-3 at 9-10 (citing *State v. Rocha*, 836 N.W.2d 774 (Neb. 2013)).

So, after removing all the procedurally defaulted claims, Sinachack's only claim on postconviction appeal was a single claim of ineffective assistance of appellate counsel: That trial counsel undermined Sinachack's bargaining position during plea negotiations by disclosing the unredacted psychosexual evaluation report to the prosecution and his appellate counsel failed to raise that ineffective trial counsel issue on direct appeal. To evaluate this claim, the Nebraska Court of Appeals considered the emails exchanged between trial counsel and the prosecutor prior to trial. It noted that prior to disclosure of the report, the prosecutor invited defense counsel to his office to discuss a possible resolution. Filing No. 18-3 at 11. The emails further indicated the prosecutor's

8

original offer was to dismiss the electronic enticement charge in exchange for a plea to Count I as charged.[1] After seeing the psychosexual evaluation report, talking with the victim, and reviewing the file, the prosecutor remained unconvinced that a sentence of probation was appropriate in Sinachack's case. Filing No. 18-3 at 12. Upon its review of all the email communications, the Nebraska Court of Appeals saw nothing to indicate that the prosecutor was willing—either before or after the report disclosure—to extend a plea agreement that did not require substantial time in prison. The prosecutor did send an email asking if Sinachack would consider pleading to a lesser charge with a 7–15-year prison term, but a formal offer was never extended because Sinachack's counsel continued to advocate for a sentence of probation plus, at most, 90 days in jail.

From the emails of record, the Nebraska Court of Appeals concluded "the State was always hesitant to amend the charge of first degree sexual assault of a child and never considered any sentence other than one requiring a long period of incarceration." Filing No. 18-3 at 14. It held that Sinachack's claim that, but for disclosing the psychosexual evaluation report, the prosecutor would have made an offer that Sinachack would have accepted was conclusory and speculative. It therefore affirmed the district court's denial of Sinachack's amended motion for postconviction relief without a hearing because Sinachack failed to show any prejudice arising from disclosure of the psychosexual evaluation report to the prosecutor. Filing No. 18-3 at 13.

Sinachack filed a pro se petition for further review by the Nebraska Supreme Court. Filing No. 18-9. That petition was denied on September 2, 2022. Filing No. 18-2 at 4. The mandate was entered on September 6, 2022.

---

[1] While it could be inferred from the emails that this original offer was extended during a meeting in the prosecutor's office before the psychosexual evaluation report was disclosed, the timing of the original offer is not clear from the record.

Filing No. 18-2 at 1.

## D. Federal Habeas Petition

Sinachack timely filed his initial Petition in this Court on January 19, 2023. Filing No. 1. He filed an amended petition, with leave of court, on September 25, 2023. On preliminary review, this Court found the following claims are potentially cognizable in federal court.

Claim One: Petitioner's trial counsel impermissibly disclosed the unredacted evaluation report to the prosecutor during plea negotiations in violation of Petitioner's rights against self-incrimination, to effective assistance of counsel, against cruel and unusual punishment, and to due process of law as guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

Claim Two: Petitioner's trial counsel failed to investigate the allegations surrounding the storage units in violation of Petitioner's rights to effective assistance of counsel, to compulsory process, to a fair trial, and to due process of law as guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

Claim Three: Petitioner's trial counsel failed to file motions to suppress or take any other steps to prevent the introduction of the cell phones evidence at trial in violation of Petitioner's rights against unreasonable searches and seizures, to effective assistance of counsel, to a fair trial, and to due process of law, as guaranteed

by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

Claim Four:    Petitioner's trial counsel failed to properly address prosecutorial misconduct and move the trial court to recuse the prosecutor from the case in violation of Petitioner's rights to effective assistance of counsel, to a fair trial, and to due process of law, as guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

Claim Five:    Petitioner's appellate counsel failed to properly assign as error and argue each claim of trial counsel's ineffectiveness pursuant to Nebraska Appellate Court Procedural Rules, in violation of Petitioner's rights against unreasonable searches and seizures, against self-incrimination, to effective assistance of counsel, to compulsory process, to a fair trial, against cruel and unusual punishment, and to due process of law as guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

Respondent filed the state court record, Filing No. 18, an answer, Filing No. 21, and a brief in support of his answer. Filing No. 22. Sinachack did not file a response. This case is fully submitted.

## II.    DISCUSSION

Respondent argues that Claims One, Two, Three, Four, and a portion of Claim Five are procedurally defaulted and the non-defaulted portion of Claim Five has no merit. Upon review, this Court agrees and concludes Sinachack's habeas claims must be denied.

11

## A. Applicable Legal Standards

### 1. Standard Under 28 U.S.C. § 2254(d)

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review of both the law and the facts. *See* 28 U.S.C. § 2254(d). Section 2254(d)(1) states that a federal court may grant a writ of habeas corpus if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result than a Supreme Court case despite indistinguishable facts. *Id.* at 405–06. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

 Section 2254(d)(2) states that a federal court may grant a writ of habeas corpus if a state court's factual findings "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### 2. *Strickland* Standard for Ineffective Assistance Claims

Sinachack argues his trial and appellate counsel were ineffective. To prevail on a claim of ineffective assistance of counsel, Sinachack must show: 1)

his counsel's performance was deficient, and 2) that deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first prong of the *Strickland* test requires the petitioner to demonstrate that his attorney failed to provide reasonably effective assistance. *Id*. at 687–88. In conducting such a review, the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable" in a later habeas corpus action. *Strickland*, 466 U.S. at 690.

The deference due the state courts is applied with vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 556 U.S. 111 (2009). Under the *Strickland* standard, the state courts have a great deal of "latitude" and "leeway," which presents a "substantially higher threshold" for a federal habeas petitioner to overcome. *Id*. at 123. As stated in *Knowles*:

> The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable–a substantially higher threshold. . . . And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Id*. (internal quotation marks and citations omitted).

### B. Sinachack's Claims

#### 1. Claims One, Two, Three, and Four: Trial Counsel was Ineffective

In this forum, Sinachack claims his trial counsel provided ineffective assistance because he disclosed the psychosexual evaluation report to the prosecution during plea negotiations, and he failed to investigate and present a witness to refute the storage shed allegations, object or move to exclude cellular telephone evidence, and move to recuse the prosecutor due to alleged misconduct. Filing No. 15 at 6-8. The Nebraska Court of Appeals refused to consider Sinachack's claims of ineffective assistance of trial counsel because they were not raised in his direct appeal. Because Sinachack was represented on direct appeal by different counsel than at trial, he was required to assert any claim of ineffective assistance of trial counsel in his direct appeal. *State v. Rezac*, 15 N.W.3d 705, 718 (Neb. 2025) ("When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding."). However, while Sinachack attempted to raise claims of ineffective assistance of trial counsel on direct appeal, they were summarily denied because appellate counsel failed to specifically assign as error each claim of ineffective assistance of trial counsel. Filing No. 18-1 at 3-4. Under Nebraska law, an appellate court will not consider an alleged error that is not specifically assigned and specifically argued. *State v. Sundquist*, 921 N.W.2d 131 (Neb. 2019).

Sinachack failed to comply with Nebraska procedural law by not properly raising his ineffective assistance of trial counsel claims in his direct appeal, and he cannot raise these claims in a successive motion for postconviction relief in the Nebraska courts. A federal court will not review

14

questions presented in a habeas petition when the state court's decision rests upon a state-law ground that "is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729 (1991).

When a petitioner fails to raise federal claims in compliance with state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750. A credible showing of actual innocence may also allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief, *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013), but to do so a petitioner "must show that in light of all the evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.' " *Jennings v. United* States, 696 F.3d 759, 764–65 (8th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 327, (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* (quoting *Bousley v. United* States, 523 U.S. 614, 623 (1998)).

Here, Sinachack attempted to raise claims of ineffective assistance of trial counsel on direct appeal, but they were summarily denied pursuant to state procedural rules. Then, with new counsel representing him on his amended postconviction motion, Sinachack did not raise ineffective assistance of trial counsel claims, and he has made no attempt to explain why those claims were not raised. In other words, he has not shown a cause sufficient to excuse his procedural default of those claims. Moreover, the trial judge—the finder of fact in this case—found overwhelming evidence supported a finding of

Sinachack's guilt. Sinachack has not argued, and he cannot show, actual innocence to excuse his procedural default.

Having carefully examined the record, the Court finds Sinachack is not entitled to federal habeas relief on Claims One, Two, Three, and Four alleging ineffective assistance of trial counsel because these claims are procedurally defaulted.

### 2. Claim Five: Appellate Counsel was Ineffective

Sinachack argues:

> But for [appellate counsel's] failure to properly assign as error (separately) and argue each Claim One through Four, . . . of trial [counsel's] ineffectiveness pursuant to Nebraska Appellate Court procedural rules on direct review, there is a reasonable probability that the Nebraska Court of Appeals would have found all of Petitioner's ineffective assistance of trial counsel Claims One through Four, . . . to be meritorious reversing and remanding back to the trial court with directions to grant Petitioner a new trial. Or at the very least, the appellate court would have preserved all of Petitioner's Claims One through Four, . . . for an evidentiary hearing in the trial court.

Filing No. 15 at 9. Through incorporation into Claim Five, Sinachack alleges ineffective assistance of appellate counsel because he did not raise on direct appeal that trial counsel was constitutionally deficient in failing to investigate the storage shed allegations (Claim Two), failing to object or move to exclude the cellular telephone evidence (Claim Three), and failing to move to recuse the prosecutor due to prosecutorial misconduct (Claim Four). But Sinachack's amended postconviction motion filed in the state district court did not allege appellate counsel was ineffective for failing to raise the allegations in Counts Two, Three, and Four on direct appeal. As such, the Nebraska Court of Appeals did not consider those claims because, under Nebraska law, "[a]ppellate courts do not generally consider arguments and theories raised for the first time on

appeal. In an appeal from the denial of postconviction relief, [the courts] will not consider for the first time on appeal claims that were not raised in the verified motion." *State v. Munoz*, 959 N.W.2d 806, 817 (Neb. 2021). Sinachack failed to comply with Nebraska procedural law by not raising his ineffective assistance of appellate counsel claims in his amended postconviction motion filed in the state district court, and he cannot file a successive motion for postconviction relief in the Nebraska courts because he cannot show that the "basis relied upon for relief was not available at the time [he] filed the prior motion." *State v. Sims*, 761 N.W.2d 527, 533 (Neb. 2009). Sinachack is therefore procedurally barred from raising those claims of ineffective assistance of appellate counsel before this Court, and he has not shown cause and prejudice for his procedurally defaulted claims for the same reasons discussed above with respect to Claims One, Two, Three, and Four.

After excluding the procedurally defaulted claims, the only remaining claim is whether Sinachack's appellate counsel was ineffective when he failed to adequately appeal trial counsel's alleged ineffective assistance in disclosing Sinachack's psychosexual evaluation report, unredacted, to the prosecutor during plea negotiations. This Court need not decide whether trial counsel's representation was reasonable if Sinachack cannot prove he was prejudiced by that representation. *Apfel*, 97 F.3d at 1076.

After carefully reviewing the record, including the emails between the parties prior to trial, this Court agrees with the Nebraska Court of Appeals. There is nothing in the record suggesting the prosecutor changed his mind on the plea deals to offer because he read the contents of the psychosexual evaluation report. And there is no evidence that Sinachack would have accepted any formal offer the prosecutor was willing to extend, either before or after the disclosure. As described by the trial judge, the prosecutor was able to

present overwhelming evidence on the charge of First Degree Sexual Assault of a Child. Sinachack's bargaining position was weak from the outset of the case, and, as confirmed by the email communications of record, the prosecutor was never inclined to offer lesser charges with a minimal prison sentence in exchange for a plea of guilty or no contest. The psychosexual evaluation report is not of record in this Court, and it was not formally before the Nebraska Court of Appeals. Filing No. 18-3 at 11. But that Court nonetheless collected it and, upon review, concluded "the content addressed issues which in some cases strengthened and in some cases weakened Sinachack's plea-bargaining position." Filing No. 18-3 at 11. This Court has no reason to question that assessment. Based on the record, no formal plea deals were offered by the prosecution, and Sinachack never stated how much time he was willing to serve for the crimes charged, or even for lesser charges.

Sinachack's current claim is that had the psychosexual evaluation report remained confidential, the prosecution would have offered, and he would have accepted, a plea agreement that afforded him a shorter sentence. This claim is wholly speculative and insufficient to support a claim of prejudice arising from trial counsel's disclosure of the report. As such, his appellate counsel was not ineffective when he failed to raise on direct appeal that, in disclosing the unredacted psychosexual evaluation report to the prosecution, trial counsel provided constitutionally deficient assistance of counsel.

The Nebraska Court of Appeals reasonably determined the facts, 28 U.S.C. § 2254(d)(2), and its decision is fully supported by those facts. The decision was not contrary to, nor did it involve an unreasonable application of, *Strickland*. Sinachack is not entitled to habeas relief on Claim Five.

### 3. Cumulative Prejudice

Sinachack argues that "even if no one instance of ineffective assistance of counsel or prosecutorial misconduct is found to warrant relief, they must be

considered [in the] aggregate. The [accumulation] of prejudicial errors in this case violated Sinachack's federal constitutional rights to due process of law." Filing No. 16 at 25. This claim was not mentioned in his amended petition for habeas relief in this Court, Filing No. 15, but it was raised in his accompanying brief which is "incorporated by reference" into the petition. Filing No. 15 at 9-10; *see* Filing No. 16 at 24-25. The cumulative prejudice claim was also not raised in his amended motion for postconviction relief filed in the state district court, Filing No. 18-12 at 152-158, but the Nebraska Court of Appeals nonetheless briefly addressed it, finding:

> We have found a majority of Sinachack's assertions of ineffective assistance of counsel to be procedurally barred, either because he did not raise them in his direct appeal or because he raised them for the first time in this appeal. We have concluded that the one postconviction claim that was not procedurally barred is without merit because it amounted to a mere conclusion of fact without any support. As such, Sinachack's cumulative error argument is without merit.

Filing No. 18-3 at 14.

For substantially the same reasons, this Court also finds no merit to Sinachack's claim that he was prejudiced in violation of his constitutional rights by the cumulative effect of prosecutorial misconduct and the alleged poor performance of his trial and appellate counsel. Aside from Sinachack's speculative statements, there is simply nothing of record indicating the outcome of Sinachack's case would have been any different if the attorneys had conducted themselves in accordance with his expectations. His claim for habeas relief due to the cumulative effect of the attorneys' actions and inactions must be denied.

## C. Request for Evidentiary Hearing

Sinachack has requested an evidentiary hearing on his claims. Filing No. 15 at 1. Rule 8(a) of the *Rules Governing Section 2254 Cases in the United*

*States District Courts* states in pertinent part: "If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Access to an evidentiary hearing is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), specifically the portion of that Act codified as 28 U.S.C. § 2254(e)(2). In all but extraordinary cases, AEDPA "'bars evidentiary hearings in federal habeas proceedings initiated by state prisoners.'" *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013)). *Shinn* explained:

> [I]f a prisoner "has failed to develop the factual basis of a claim in State court proceedings," a federal court may hold "an evidentiary hearing on the claim" in only two limited scenarios. Either the claim must rely on (1) a "new" and "previously unavailable" "rule of constitutional law" made retroactively applicable by this Court, or (2) "a factual predicate that could not have been previously discovered through the exercise of due diligence." §§ 2254(e)(2)(A)(i), (ii). If a prisoner can satisfy either of these exceptions, he also must show that further factfinding would demonstrate, "by clear and convincing evidence," that "no reasonable factfinder" would have convicted him of the crime charged. § 2254(e)(2)(B). Finally, even if all of these requirements are satisfied, a federal habeas court still is not required to hold a hearing or take any evidence. Like the decision to grant habeas relief itself, the decision to permit new evidence must be informed by principles of comity and finality that govern every federal habeas case.

*Id*. at 381 (quoting 28 U.S.C. 2254(e)(2)). In addition, "a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state postconviction counsel." *Id*. at 382.

Applying the requirements set forth in *Shinn*, Sinachack has not demonstrated that an evidentiary hearing is warranted. He is not relying on a

new or previously unavailable rule of constitutional law, is not raising factual claims he could not have known previously through the exercise of due diligence, and he cannot prove by clear and convincing evidence that no reasonable factfinder would have convicted him of the crime charged.

Sinachack requested evidentiary hearings in the Nebraska courts, and he was granted a hearing and prevailed on his motion claiming ineffective assistance in failing to file an appeal. But in all other respects, his hearing requests in the state courts and in this forum are supported by only conclusory or speculative statements. Such statements and arguments do not warrant an evidentiary hearing in the state courts,[2] or in this Court under the requirements stated in *Shinn*.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). The Court has applied the appropriate standard and determined Sinachack is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Petitioner Mark Sinachack's Amended Petition for a Writ of Habeas Corpus, Filing No. 15, is denied and dismissed with prejudice.

2. The Court will not issue a certificate of appealability in this matter.

---

[2] Under Nebraska law, an evidentiary hearing is not required on a motion for postconviction relief when (1) the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights rendering the judgment void or voidable; (2) the motion alleges only conclusions of fact or law without supporting facts; or (3) the records and files affirmatively show that the defendant is entitled to no relief. *State v. Lotter*, 976 N.W.2d 721 (Neb. 2022).

3. The Court will enter a separate judgment.

Dated this 22nd day of September, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge